United States District Court
Middle District of Florida
Jacksonville Division

**ROBERT ROCKWELL TURNER, JR.**,

    *Plaintiff,*

v.                                              No. 3:18-cv-1275-J-PDB

**TRACY K. BALDWIN & LAMAR JENKINS**,

    *Defendants.*

# Order

On August 30, 2019, Robert Rockwell Turner, Jr., filed a motion to compel interrogatory responses from Lamar Jenkins. Doc. 38. Mr. Jenkins timely responded to the motion, explaining that Mr. Turner served the interrogatories on August 14, 2019, and directed Mr. Jenkins to answer them within fifteen days; Mr. Jenkins explained by letter and telephone that the fifteen-day demand was improper because they had not stipulated to a shorter time than the thirty days allowed under Federal Rule of Civil Procedure 33(b)(2); and that Mr. Jenkins would answer the interrogatories within thirty days (by September 13, 2019). Doc. 42 at 1–2.

Rule 33(b)(2) provides that a party must serve any answers and objections to interrogatories "within 30 days after being served with the interrogatories. A shorter or longer time may be stipulated to under Rule 29 or be ordered by the court."*

If the court denies a motion to compel discovery, the court "must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses

---

*Rule 29(b) states the parties may stipulate that "other procedures governing or limiting discovery be modified." The stipulation must be agreed to by both parties.

incurred in opposing the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(B). "But the court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust." *Id*.

The Court **denies** the motion to compel, Doc. 38. Because Mr. Turner filed the motion on August 30—before the September 13, thirty-day deadline—with no agreement on an earlier deadline, the motion is meritless. And Mr. Jenkins stated he would timely answer the interrogatories. Doc. 42 at 2.

Mr. Jenkins has requested no expenses related to opposing the motion to compel. *See generally* Doc. 42. Given Mr. Turner's in-forma-pauperis status (based on his representation that he receives $903.30 in monthly benefits and has $780 in monthly expenses, Doc. 2) and his seemingly sincere but incorrect belief that the deadline to respond had passed, an award of expenses here would be unjust. However, future meritless motions may dictate otherwise.

At the beginning of the case, the Court filed a "Notice to Plaintiff" informing Mr. Turner of the Federal Rules of Civil Procedure and the Local Rules and that those rules apply even if a plaintiff has no lawyer. *See* Doc. 9. The Court reminds him he must comply with those rules in future filings.

**Ordered** in Jacksonville, Florida, on September 20, 2019.

_____
PATRICIA D. BARKSDALE
*United States Magistrate Judge*

c:  Counsel of Record

   Robert Rockwell Turner, Jr.
   P.O. Box 122
   McAlpin, FL 32062