United States District Court
Middle District of Florida
Jacksonville Division

**ROBERT ROCKWELL TURNER, JR.,**

    *Plaintiff,*

V.                                                                                                        **NO. 3:18-CV-1275-J-PDB**

**TRACY K. BALDWIN & LAMAR JENKINS,**

    *Defendants.*

# Order

Robert Rockwell Turner, Jr., proceeding without a lawyer and in forma pauperis under 28 U.S.C. § 1915, sues Tracy Baldwin, a deputy clerk for the Suwannee County Clerk of Court, and Lamar Jenkins, the Suwannee County Property Appraiser. Doc. 7. At the Court's direction, Doc. 4, Mr. Turner filed an amended complaint. Docs. 7, 7-1.

Ms. Baldwin and Mr. Jenkins move to dismiss the amended complaint under Federal Rule of Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction. Docs. 15, 16. Ms. Baldwin alternatively moves for a more definite statement under Federal Rule of Civil Procedure 12(e). Doc. 16.

In the amended complaint, Mr. Turner alleges the following facts. On February 13, 1995, he applied for an ad valorem homestead tax exemption for 5.45 acres of property, parcel number 32-03S-14E-0287800.3000.[1] Doc. 7 at 1; Doc. 7-1 at 1. The homestead exemption was "continuous and automatic." Doc. 7 at 1–2. On November

---

[1] In the amended complaint, the parcel number is described as "32-3-14-0287003000." Doc. 7 at 1. In an attachment to the complaint, the parcel number is described as "32-03S-14E-0287800.3000." Doc. 7-1 at 1. The Court presumes the former description is a typographical error.

18, 2014, Ms. Baldwin warned of a tax sale of the property without mentioning its homestead status. Doc. 7 at 2. In 2015, Mr. Jenkins removed the homestead tax exemption without a verifiable signed complaint. Doc. 7 at 2. Ms. Baldwin's and Mr. Jenkins's actions resulted in the property being sold for $3,540.45, which was less than half its assessed value despite that Fla. Stat. § 197.502 requires a minimum bid of half the assessed value for homesteads, and resulted in Mr. Turner receiving no consideration from the sale.[2] Doc. 7 at 3.

To the amended complaint, Mr. Turner attaches a letter from a lawyer with Three Rivers Legal Services, Inc., to Suwannee County dated November 29, 2016. Doc. 7-1. In the letter, the lawyer, referencing Florida's sunshine laws, requests documents relating to the property, "including documents associated with the assessment of the property prior to the tax sale, and removal of the homestead exemption status of the property prior to the tax sale." Doc. 7-1 at 1. The lawyer adds,

> The County's records seem to indicate that Mr. Turner's property was "assessed on the latest tax roll as homestead property." Therefore, in accordance with F.S. 197.542(1), it would appear that the minimum-bid amount for the tax sale of the subject property should have been "increased to include an amount equal to one-half of the assessed value of the homestead property as required by s. 197.502." I am trying to get clarification as to why it does not appear that F.S. 197.542 was followed for the tax sale of this property.
>
> In my letter to Mr. Jenkins, I requested a copy of a letter allegedly sent to Mr. Turner in January of 2015 indicating that his "homestead exemption card" was returned by the post office and that the Property Appraiser never heard from him. I did not receive a copy of that letter. Since the County's policy is that "most exemptions are renewed automatically," I am also attempting to determine why a homestead card would even be sent to Mr. Turner absent some evidence that he moved out of his home. So, please include with this public records

---

[2]Section 197.502, which addresses applications for obtaining tax deeds by holders of tax sale certificates, provides, "On property assessed on the latest tax roll as homestead property [the opening bid] shall include, in addition to the amount of money required for an opening bid on nonhomestead property, an amount equal to one-half of the latest assessed value of the homestead." Fla. Stat. § 197.502(6)(c).

request my request to review the letter sent to Mr. Turner in January 2015. Also, please provide me with an opportunity to review any other documentation the County has showing that Mr. Turner's homestead exemption was removed when his property was placed on the "lands available for taxes," along with any justification for removing the homestead exemption when that happened.

Doc. 7-1 at 1–2.

Citing 42 U.S.C. § 1983, Mr. Turner demands $38,000 for the loss of his property and $38,000 in punitive damages.[3] Doc. 7 at 3.

To his motion to dismiss, Mr. Jenkins attaches a final order of dismissal in *Turner v. Jenkins*, No. 2017-CA-68, an earlier action Mr. Turner had brought against Mr. Jenkins in the Circuit Court, Third Judicial Circuit, Suwannee County, Florida. Doc. 15-1. In the order, the state court dismisses Mr. Turner's challenge of Mr. Jenkins's denial of a homestead tax exemption on the property[4] for lack of subject-matter jurisdiction, ruling that Mr. Turner filed the action outside the 60-day period under Fla. Stat. § 194.171(2) for challenging tax assessments and that Mr. Turner

---

[3]Mr. Turner also cites 34 U.S.C. § 10101 and 39 U.S.C. § 404(7). Doc. 7 at 3. Section 10101 establishes the Office of Justice Programs in the Department of Justice. There is no 39 U.S.C. § 404(7), but 39 U.S.C. § 404(a)(7) grants the United States Postal Service the power to "offer and pay rewards for information and services in connection with violation of the postal laws, and, unless a different disposal is expressly prescribed, to pay one-half of all penalties and forfeitures imposed for violations of law affecting the Postal Service, its revenues, or property, to the person informing for the same, and to pay the other one-half into the Postal Service Fund." Neither statute provides a private federal cause of action or a basis for federal court jurisdiction.

[4]A court on its own and at any time may judicially notice a fact that cannot be reasonably disputed because it either is generally known or can be readily and accurately determined from sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b)–(d).

From the publicly available record of the Suwannee County Property Appraiser, the Court takes judicial notice that the property at issue in the state action, which is identified as 9332 146th Street, Live Oak, Florida 32060, Doc. 15-1 at 1, is the property at issue in this action, which is identified as parcel number 32-03S-14E-0287800.3000, Doc. 7 at 1; Doc. 7-1 at 1. *See* Suwannee County Property Appraiser website, last visited Oct. 23, 2019, http://suwanneepa.com/GIS/Search_F.asp (attached).

3

lacked standing because he no longer owned the property.[5] Doc. 15-1. The court found that, for the 2016 tax year, Mr. Jenkins had certified the tax roll for collection on October 4, 2016, making December 3, 2016, the last day Mr. Turner could challenge the assessment and making his complaint filed on April 10, 2017, and any complaint about earlier tax years outside the 60-day statutory period. Doc. 15-1 at 2–3. Mr. Turner appealed an order denying a motion for rehearing to Florida's First District Court of Appeal without success. *See* docket in *Turner v. Jenkins*, No. 1D18-509 (Fla.

---

[5]Section 194.171 provides:

(1) The circuit courts have original jurisdiction at law of all matters relating to property taxation. Venue is in the county where the property is located, except that venue shall be in Leon County when the property is assessed pursuant to s. 193.085(4).

(2) No action shall be brought to contest a tax assessment after 60 days from the date the assessment being contested is certified for collection under s. 193.122(2), or after 60 days from the date a decision is rendered concerning such assessment by the value adjustment board if a petition contesting the assessment had not received final action by the value adjustment board prior to extension of the roll under s. 197.323.

(3) Before an action to contest a tax assessment may be brought, the taxpayer shall pay to the collector not less than the amount of the tax which the taxpayer admits in good faith to be owing. The collector shall issue a receipt for the payment, and the receipt shall be filed with the complaint. Notwithstanding the provisions of chapter 197, payment of the taxes the taxpayer admits to be due and owing and the timely filing of an action pursuant to this section shall suspend all procedures for the collection of taxes prior to final disposition of the action.

(4) Payment of a tax shall not be deemed an admission that the tax was due and shall not prejudice the right to bring a timely action as provided in subsection (2) to challenge such tax and seek a refund.

(5) No action to contest a tax assessment may be maintained, and any such action shall be dismissed, unless all taxes on the property assessed in years after the action is brought, which the taxpayer in good faith admits to be owing, are paid before they become delinquent.

(6) The requirements of subsections (2), (3), and (5) are jurisdictional. No court shall have jurisdiction in such cases until after the requirements of both subsections (2) and (3) have been met. A court shall lose jurisdiction of a case when the taxpayer has failed to comply with the requirements of subsection (5).

1st DCA). Three months after his state-court appeal ended, Mr. Turner filed this action here. Doc. 1.

In response to the motions to dismiss, Mr. Turner states this is not an "ad valorem tax case"; rather, this case "involves Mr. Lamar Jenkins Suwanee County Property Appraiser REMOVAL of my existing homestead exemption for the 2015 tax year without a verifiable signed complaint." Doc. 18 at 1. He adds, "I am contesting the legality of the 2015 homestead exemption removal without a verifiable signed complaint" and "I am contesting the loss of my homestead property without a jury trial." Doc. 18 at 2. He states he includes a copy of his "Homestead Exemption Receipt" for the 2015 tax year, Doc. 18 at 2, though he includes no receipt. He cites cases addressing procedural due process and government takings. Doc. 18 at 2–3 (citing *Truax v. Corrigan*, 257 U.S. 312 (1921), and *Vanhorne's Lessee v. Dorrance*, 2 U.S. 304 (C.C.D. Pa. 1795)).

A court must construe a pleading drafted by a pro se litigant liberally and hold the pleading to a less stringent standard than one drafted by a lawyer. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). Liberal construction does not mean serving as de facto counsel. *GJR Invs., Inc. v. County of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Liberal construction means that a federal court sometimes must "look beyond the labels used in a *pro se* party's complaint and focus on the content and substance of the allegations" to determine if a cognizable remedy is available. *Torres v. Miami-Dade County*, 734 F. App'x 688, 691 (11th Cir. 2018).

Section 1983 provides a federal cause of action against any person who, acting under color of state law, deprives another of a federal right. *Conn v. Gabbert*, 526 U.S. 286, 290 (1999). "Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (internal quotation marks and quoted authority omitted). "The first step in any such claim is to identify the specific constitutional

right allegedly infringed." *Id.* "The validity of the claim must then be judged by reference to the specific constitutional standard which governs that right[.]" *Graham v. Connor*, 490 U.S. 386, 394 (1989).

Because Mr. Turner proceeds without a lawyer, the Court liberally construes his amended complaint as asserting a federal claim for damages under § 1983 for violations of the procedural due process component of the Fourteenth Amendment, which protects against the deprivation by state actors of a constitutionally protected interest in property without due process, *Zimmerman v. Burch*, 494 U.S. 113, 125 (1994).[6] The Court discerns no other possible federal claim.

---

[6]The Due Process Clause of the Fourteenth Amendment provides, "nor shall any State deprive any person of life, liberty, or property, without due process of law[.]" U.S. Const. amend. XIV § 1. The Due Process Clause "provides two different kinds of constitutional protection: procedural due process and substantive due process." *McKinney v. Pate*, 20 F.3d 1550, 1556 (11th Cir. 1994). For a § 1983 claim alleging a violation of procedural due process, a court asks (1) whether the plaintiff possessed a liberty or property interest, and, if so, (2) "what process he was due before he could be deprived of that interest." *Ciambriello v. County of Nassau*, 292 F.3d 307, 313 (2d Cir. 2002).

The Takings Clause of the Fifth Amendment forbids the government from taking property without paying just compensation, *Williamson Cty. Reg'l Planning Comm'n v. Hamilton Bank*, 473 U.S. 172, 194 (1985), *overruled on other grounds by Knick v. Township of Scott*, 139 S. Ct. 2162 (2019), and applies to the states through the Fourteenth Amendment, *Webb's Fabulous Pharmacies, Inc. v. Beckwith*, 449 U.S. 155, 160 (1980). The Takings Clause was designed to bar the government from forcing an individual to bear a burden that should be borne by the public as a whole. *Armstrong v. United States*, 364 U.S. 40, 49 (1960).

A tax sale is an exercise of the state's taxing power, not a taking for a public purpose pursuant to a state's eminent domain power. On that ground, courts routinely reject takings claims based on tax sales. *See, e.g., Swinka Realty Invs., LLC v. Lackawanna Cty. Tax Claim Bureau*, No. 3:13-CV-00764, 2016 WL 3618399, at *13 (M.D. Pa. July 1, 2016) (unpublished), *aff'd*, 688 F. App'x 146 (3d Cir. 2017); *Speed v. Mills*, 919 F. Supp. 2d 122, 129 (D.D.C. 2013); *Dommel Props., LLC v. Jonestown Bank & Trust Co.*, Civil Action No. 1:11-cv-2316, 2013 WL 1149265, at *11 (M.D. Pa. Mar. 19, 2013) (unpublished); *In re Murphy*, 331 B.R. 107, 128 (S.D.N.Y. Bankr. 2005); *Indus. Bank of Washington v. Sheve*, 307 F. Supp. 98, 99 (D.D.C. 1969). Because Mr. Turner's amended complaint alleges improper removal of the homestead tax exemption and resulting

6

The comity doctrine is a "doctrine of abstention," *Perry v. Coles County*, 906 F.3d 563, 587 (7th Cir. 2018), that reflects the "belief that the National Government will fare best if the States and their institutions are left free to perform their separate functions in separate ways, *Fair Assessment in Real Estate Ass'n, Inc. v. McNary*, 454 U.S. 100, 112 (1981).

The comity doctrine applies in state taxation cases, restraining "federal courts from entertaining claims for relief that risk disrupting state tax administration." *Levin v. Commerce Energy, Inc.*, 560 U.S. 413, 417 (2010); *accord Nat'l Private Truck Council, Inc. v. Okla. Tax Comm'n*, 515 U.S. 582, 586 (1995) ("We have long recognized that principles of federalism and comity generally counsel that courts should adopt a hands-off approach with respect to state tax administration."); *Dows v. City of Chicago*, 78 U.S. 108, 110 (1870) ("It is upon taxation that the several States chiefly rely to obtain the means to carry on their respective governments, and it is of the utmost importance to all of them that the modes adopted to enforce the taxes levied should be interfered with as little as possible.").

Although § 1983 appears to give state taxpayers a federal cause of action, the comity doctrine "counsels lower federal courts to resist engagement in certain cases falling within their jurisdiction" and has limited the scope of § 1983. *Levin*, 560 U.S.

---

improper tax sale amount, the Court does not construe the pleading to assert a federal claim for damages under § 1983 for a violation of the Takings Clause.

The Seventh Amendment provides, "In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury, shall be otherwise re-examined in any Court of the United States, than according to the rules of the common law." U.S. Const. amend. VII. Mr. Turner states he is "contesting the loss of my homestead property without a jury trial," Doc. 18 at 2, but the Supreme Court has not held the Seventh Amendment right to a jury in a civil trial extends to state proceedings. *See Curtis v. Loether*, 415 U.S. 189, 192 n.6 (1974) ("The Court has not held that the right to jury trial in civil cases is an element of due process applicable to state courts through the Fourteenth Amendment."); *Thompson v. Blalock*, 301 F. App'x 708, 709 (9th Cir. 2008) (dismissing § 1983 action alleging violation of right to jury trial because plaintiff has no federal constitutional right to jury trial for state action).

7

at 421. The comity doctrine bars taxpayers from bringing § 1983 claims for damages questioning the validity of the state tax systems. *Fair Assessment*, 454 U.S. at 116. The bar applies to both tax assessment practices and tax collection practices. *Ayers v. Polk County*, 697 F.2d 1375, 1376 (11th Cir. 1983).

Taxpayers alleging that their federal rights have been violated by state or local tax practices therefore must seek relief through state remedies, so long as those remedies are "plain, adequate, and complete." *Fair Assessment*, 454 U.S. at 116. "Plain, adequate, and complete" refers to "the obvious precept that plaintiffs seeking protection of federal rights in federal courts should be remitted to their state remedies if their federal rights will not thereby be lost." *Id.* at 116 n.8. The "touchstone" for whether a taxpayer has remedies that are "plain, adequate, and complete" is whether he is entitled to a "'full hearing and judicial determination at which she may raise any and all constitutional objections to the tax.'" *Amos v. Glynn Cty. Bd. of Tax Assessors,* 347 F.3d 1249, 1255 (11th Cir.2003) (quoting *Rosewell v. LaSalle Nat'l Bank,* 450 U.S. 503, 514 (1981)), *abrogation on other grounds recognized by Velazquez v. S. Fla. Fed. Credit Union*, 546 F. App'x 854, 856 (11th Cir. 2013). The state remedy need not be equal to or better than the federal remedy. *Ayers*, 697 F.2d at 1377.

Where a § 1983 action is "grounded in an allegation of an unconstitutional tax scheme, to survive dismissal the plaintiff must demonstrate that there is no plain, adequate, and complete state remedy available." *Winicki v. Mallard*, 783 F.2d 1567, 1570 (11th Cir. 1986). "The initial burden, then, is upon the plaintiff to make such a showing. Unless he is able to do so, the federal courts may properly refuse to entertain his [§] 1983 action." *Id.*

Based on principles of comity, abstention is warranted. To award Mr. Turner the damages he seeks, the Court would have to decide that Ms. Baldwin's and Mr. Jenkins's administration of procedures for applying and removing the homestead tax exemption and for effectuating the tax sale violated Mr. Turner's constitutional rights. *See, e.g., Deshazo v. Baldwin County*, Civ. Action No. 06-0174-WS-C, 2006 WL

2091754, at *6 (S.D. Ala. July 25, 2006) (unpublished) ("Any attempt, including this one, to declare a tax sale illegal or to recover damages on the ground of illegality is barred by the comity doctrine.").

Mr. Turner has not met his burden of showing the unavailability of plain, adequate, and complete state remedies, and the order dismissing the action he first tried to bring in state court shows otherwise. *See* Doc. 15-1; Fla. Stat. Title XIV ("Taxation and Finance"), Ch. 194 ("Administrative and Judicial Review of Property Taxes"). That the state court ruled it was without jurisdiction to decide the action does not change the result; Mr. Turner could have avoided the ruling by filing the state action sooner or with a successful argument that asserted procedural irregularities meant the 60-day period had not been triggered. *See, e.g., Miles v. Parrish*, 199 So. 3d 1046 (Fla. 4th DCA 2016) (holding "statute of nonclaim under section 194.171" was not triggered because of property appraiser's failure to follow statutory mandates).

Where principles of comity warrant abstention, a court need not address the Tax Injunction Act, 28 U.S.C. § 1341, as another basis for dismissal. *Levin*, 560 U.S. at 432; *see also Perry v. Coles County*, 906 F.3d 563, 587 (7th Cir. 2018) (observing federal courts may choose among threshold grounds for dismissal and analyzing dismissal solely under comity principles); *Homewood Village LLC v. Unified Gov't of Athens-Clarke County*, 677 F. App'x 623, 625 n.1 (11th Cir. 2017) (declining to address Act because dismissal was warranted based on principles of comity).

Here, because principles of comity warrant abstention, the Court need not address Mr. Jenkins's arguments about the Tax Injunction Act or Ms. Baldwin's arguments about the need for a more definite statement of the claim.[7]

---

[7]Declining to decide whether the Tax Injunction Act also warrants dismissal serves the interests of judicial economy. The Act provides, "The district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." 28

The motions to dismiss, Docs. 15, 16, are **granted in part** to the extent the action is dismissed without prejudice based on principles of comity warranting abstention.[8] The clerk is directed to close the file.

**Ordered** in Jacksonville, Florida, on October 23, 2019.

PATRICIA D. BARKSDALE
*United States Magistrate Judge*

Attachment

c: Robert Rockwell Turner, Jr.
P.O. Box 122
McAlpin, FL 32062

---

U.S.C. § 1341. Mr. Turner seeks actual and punitive damages, not equitable relief. *See* Doc. 7 at 3. To date, the Supreme Court has not held the Act extends to actions for damages.

[8]As a doctrine of abstention, the comity doctrine is not a mandatory jurisdictional limit but a prudential matter that a court may raise itself. *Direct Mktg. Ass'n v. Brohl*, 135 S. Ct. 1124, 1134 (2015); *Perry*, 906 F.3d at 587 n.4; *Capra v. Cook Cty. Bd. of Review*, 733 F.3d 705, 713 n.6 (7th Cir. 2013). Just as a dismissal for lack of subject-matter jurisdiction is not a judgment on the merits and is entered without prejudice, *Stalley ex rel. United States v. Orlando Reg'l Healthcare Sys.*, 524 F.3d 1229, 1232 (11th Cir. 2008), so too is a dismissal based on abstention, *see, e.g., Old Republic Union Ins. Co. v. Tillis Trucking Co.*, 124 F.3d 1258, 1264 (11th Cir. 1997) (*Younger* abstention); *Ibarra v. Bexar Cty. Hosp. Dist.*, 624 F.2d 44, 47 (5th Cir. 1980) (*Pullman* abstention).

Here, to the extent Mr. Jenkins and Ms. Baldwin seek dismissal *with prejudice* under Rule 12(b)(1) *for lack of subject-matter jurisdiction* based on principles of comity, the motions are **denied**.

10